**JUDGE LEINENWEBER**   **MAGISTRATE JUDGE BROWN**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 0-6 2006
MAGISTRATE JUDGE JEFFREY COLE
UNITED STATES DISTRICT COURT

**06CR 0481**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. |
| v. ) | |
| ) | Violations: Title 18, United States |
| JUDITH NARVAEZ ) | Code, Sections 513(a) and 1344 |

**FILED**
J.N
JUL X 6 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL DECEMBER 2005 GRAND JURY charges:

1. At times material to this indictment:

    a. LaSalle Bank Corporation, located in Chicago, Illinois ("LaSalle Bank") and The Northern Trust Company, located in Chicago, Illinois ("Northern Trust," and together with LaSalle Bank, "the Banks") were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

    b. Individual A and Individual B (collectively, the "Doctors") operated a medical practice that provided health services to the public. In many instances, the Doctors received payments for services rendered to their patients in the form of checks, including business checks drawn on a bank account located at Northern Trust, which checks were made payable to the order of a Doctor for medical services rendered by that Doctor (the "Checks").

c. The defendant, JUDITH NARVAEZ, worked as a secretary in the Doctors' medical office. NARVAEZ's duties in this capacity included collecting co-payments from patients, reviewing mail, billing patients and giving money and Checks received by the Doctors' office to the Doctors for deposit in the Doctors' bank account. NARVAEZ was not authorized to indorse a Check for either of the Doctors, nor was she authorized to indorse a Check with her own name. NARVAEZ was not authorized to make bank deposits on behalf of the Doctors.

2. Beginning no later than in or around July 1998, and continuing through in or around April 2003, in the Northern District of Illinois, Eastern Division,

JUDITH NARVAEZ,

defendant herein, together with others known and unknown to the Grand Jury, knowingly devised and engaged in a scheme to defraud the Banks, and to obtain moneys, funds, and credits owned by and under the custody and control of the Banks by means of materially false and fraudulent pretenses, representations, and promises.

3. It was the object of the scheme that the defendant would obtain thousands of dollars by depositing Checks into her personal bank account at LaSalle Bank.

4. It was a part of the scheme that the defendant, by virtue of her position as an assistant in the Doctors' office, obtained access to and possession of the Checks.

5. It was further part of the scheme that, instead of giving the Checks to the Doctors so that they could deposit the Checks in their bank account, the defendant, unbeknownst to the Doctors and without their authority or permission, caused the Checks to be deposited in the defendant's personal bank account at LaSalle Bank.

6. It was further part of the scheme that, in order to deposit Checks into her bank account, the defendant, unbeknownst to the Doctors and without their authority or permission, forged the indorsement of Individual A or Individual B on numerous Checks, depending on which Doctor the Check was made payable to.

7. On or about January 26, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

JUDITH NARVAEZ,

defendant herein, together with others known and unknown to the Grand Jury, knowingly executed the above described scheme by depositing into her personal bank account at LaSalle Bank, Chicago, Illinois, check number 68948498 in the amount of $1,420.65, bearing a forged indorsement of Individual A;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. Paragraphs one through six of Count One of this indictment are realleged and reincorporated as if fully set forth herein.

2. On or about February 9, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

### JUDITH NARVAEZ,

defendant herein, together with others known and unknown to the Grand Jury, knowingly executed the above described scheme by depositing into her personal bank account at LaSalle Bank, Chicago, Illinois, check number 68872462 in the amount of $1,432.75, bearing a forged indorsement of Individual B;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. Paragraphs one through six of Count One of this indictment are realleged and reincorporated as if fully set forth herein.

2. On or about June 20, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

### JUDITH NARVAEZ,

defendant herein, did possess a forged security of an organization with the intent to deceive another person and organization, to wit: did possess check number 71356578 in the amount of $1,055.44, bearing a forged indorsement of Individual B;

In violation of Title 18, United States Code, Section 513(a).

## COUNT FOUR

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. Paragraphs one through six of Count One of this indictment are realleged and reincorporated as if fully set forth herein.

2. On or about August 2, 2000, at Chicago, in the Northern District of Illinois, Eastern Division,

### JUDITH NARVAEZ,

defendant herein, did possess a forged security of an organization with the intent to deceive another person and organization, to wit: did possess check number 71561641 in the amount of $3,078.21, bearing a forged indorsement of Individual B;

In violation of Title 18, United States Code, Section 513(a).

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2005 GRAND JURY further alleges:

1. The allegations contained in Counts One and Two of this indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of her violation of Title 18, United States Code, Section 1344, as alleged in the foregoing indictment,

### JUDITH NARVAEZ,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interest of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) includes but is not limited to:

approximately $313,752

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    (a) Cannot be located upon the exercise of due diligence;

7

    (b)  Has been transferred or sold to, or deposited with, a third party;

    (c)  Has been placed beyond the jurisdiction of the Court;

    (d)  Has been substantially diminished in value; or

    (e)  Has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

  All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                A TRUE BILL:

                _____
                FOREPERSON

_____
UNITED STATES ATTORNEY